**In the Matter of PLANTATION INN PARTNERS, A Limited Partnership, d/b/a Country Hearth Inn, Debtor.**

**Bankruptcy No. 92–20170.**

United States Bankruptcy Court,
S.D. Georgia,
Brunswick Division.

May 19, 1992.

Jack Usher, Asst. U.S. Trustee, S.D. Georgia, Savannah, Ga., for the U.S.

Jan Gilbert, Savannah, Ga., for receiver.

J. Robert Thompson, Atlanta, Ga., for debtor Corp.

M. Tyus Butler, Jr., Savannah, Ga., for Six Pence Partnership, Management Expansion, Inc., and LK Motels, Inc.

## ORDER ON MOTION OF UNITED STATES TRUSTEE AUTHORIZING APPOINTMENT OF A TRUSTEE

LAMAR W. DAVIS, Jr., Chief Judge.

The above Motion was filed on April 16, 1992, and a hearing to consider same was conducted in Brunswick, Georgia, on May 14, 1992. After consideration of the evidence, the argument of counsel and applicable authorities I enter the following Findings of Fact and Conclusions of Law.

### FINDINGS OF FACT

1) Debtor's voluntary Chapter 11 was filed February 27, 1992, at 4:57 p.m. The filing of this case came immediately following the conclusion of a hearing in which certain creditors sought and received an order of the Superior Court of Glynn County, Georgia, appointing a receiver to operate the Debtor's business, a hotel on St. Simons Island, Georgia.

2) On February 28, 1992, the Superior Court Plaintiffs and the Receiver appointed by that Court filed a Motion in this case seeking to be excused pursuant to 11 U.S.C. Section 543 from the requirement to turnover the hotel to the Chapter 11 Debtor. On March 4, 1992, the Debtor filed a Motion for Turnover pursuant to 11 U.S.C. Section 542. At an evidentiary hearing on March 5, 1992, both Motions were consolidated for hearing.

3) On March 6, 1992, I executed an Interim Order excusing the Receiver from the turnover requirement and imposed on him "all of the powers, duties and obligations of a debtor-in-possession." On May 11, 1992, I entered a more detailed order setting forth the legal and factual basis for the denial of turnover and for continuing the Receiver in possession of the hotel.

4) The Motion of the United States Trustee alleges, in part, that "Debtor's conduct constitutes caused [sic] for appointment of a trustee" and seeks an order authorizing such appointment under 11 U.S.C. Section 1104. Notice of the hearing on said motion was served on all parties in

interest on April 20, 1992 (Documents 25 and 26). Also noticed for hearing on May 14th was Debtor's objection to a separate Motion to Dismiss filed by the United States Trustee and "Cross Motion to Reconsider Order Confirming Receiver" (The March 6, 1992, Order).

5) At the May 14, 1992, hearing the United States Trustee referred the Court to the evidence adduced at the March 5th hearing and my findings thereon dated May 11, 1992, argued that the evidence was sufficient to constitute "cause" for appointment of a Trustee under Section 1104, and rested.

6) Debtor's counsel argued eloquently that my March 6, 1992, Order was based on incomplete evidence and in error, but declined to offer any contrary evidence and orally withdrew his Motion seeking reconsideration of that decision. Although counsel stated that he was not ready to proceed in light of the recent entry of my May 11, 1992, Order I ruled that the hearing would proceed because (1) the May 11th Order was a near-verbatim version of a proposed order filed with the Court and served on Debtor's then-local counsel on March 19th, and (2) Debtor's Motion to reconsider the March 6, 1992, Order, if properly supported by competent evidence would necessarily result in my reconsidering the subsequent order as well. Since no contrary evidence was offered, the factual basis for this order is the evidence taken on March 5, 1992, and my May 11th Order, which is incorporated herein.

7) In summary, that Order found that

(a) Debtor's principal, almost immediately after taking control of Debtor, defaulted in payments of the first and second mortgages on the hotel.

(b) The holders of the first and second mortgages accelerated the debt which exceeds 2.4 million dollars and commenced non-judicial foreclosure proceedings under Georgia law which would have been consummated in March 1992.

(c) Debtor failed to pay 1991 ad valorem taxes, failed to report its revenues and pay franchise fees to its fran-

chisor, failed to place casualty and liability insurance on the property, allowed flood insurance to lapse, hired an unqualified manager for the hotel, failed to maintain current accounting records, failed to account for approximately $20,000.00 drawn on counter checks of the business, and paid over $50,000.00 to Debtor's principal or his affiliated companies for "management services" without any documentation or justification of the basis for such payments.

Based on those findings I concluded that it was in the best interest of creditors as contemplated by Section 543 to excuse the Receiver from turnover and to deny Debtor's Motion for Turnover.

## CONCLUSIONS OF LAW

Although the United States Trustee urged alternative theories in support of its Motion (including an argument that a trustee is demanded because *Debtor* has failed to comply with administrative requirements of the United States Trustee, even though the *Receiver* has complied fully) the essential issues raised by the United States Trustee's Motion are (1) whether a state court-appointed receiver, excused from turnover under Section 543 may thereafter be vested with all powers and duties of a debtor-in-possession by the Court and proceed to operate as a substitute debtor-in-possession? And (2) If not, whether the Debtor should be restored to possession or should a Trustee be appointed?

1. *Receiver as Substitute Debtor-in-Possession.*

▮ After consideration of the statutory scheme of the Code and decisions cited to me I conclude that it is improper to vest a state-appointed receiver with the long-term obligations of a debtor-in-possession. First, 11 U.S.C. Section 105(b) expressly prohibits a Bankruptcy Court from appointing receivers in any case under Title 11. The legislative history states that "the Bankruptcy Code has ample provision for the appointment of trustees when needed." 11 U.S.C. Section 1101(1) defines debtor-in-

possession as the "debtor" except when a "trustee" has been qualified to serve. While Section 543 and 11 U.S.C. Section 101(1) expressly authorize the court to excuse state court-appointed receivers from the obligation to turnover property based on an "interest of creditors" analysis, the scope of such authority seems clearly to be limited to cases where the action is temporary [1] or the court is exercising a form of abstention (in order to permit the *state*, not federal, case to proceed to conclusion).[2] In summary, the provisions of Section 543(d) are intended to provide flexibility when there is no useful purpose to be served by turnover, but are not intended to be used as a vehicle to avoid turnover in the typical case. *Collier on Bankruptcy*, ¶ 543.05 at 543–12, 13; *See* discussion in footnotes 4–6.

Under this analysis and in light of the clear evidence of mismanagement of the Debtor, employment of Section 543(d) to temporarily excuse the Receiver from the duty to turnover pending a decision whether to abstain and permit the state court action to proceed or whether to permit the Chapter 11 to proceed under the direction of either the debtor-in-possession or a trustee is clearly justified. Indeed the creditors who have appeared at each hearing have unanimously asked for this relief. However, to permit the Receiver to indefinitely remain in possession and to vest him permanently with all the duties and powers of a debtor-in-possession goes far beyond the limited relief envisioned by Section 543. To do so would circumvent the prohibition of Section 105(b) against the appointment of receivers in lieu of a debtor-in-possession or trustee. Clearly the Code contemplates that the long-term administration of a Chapter 11 case will be managed by a trustee or debtor-in-possession, not a hybrid created by judicial fiat. *See Collier on Bankruptcy*, ¶ 1104.01[e] at 1104–29,30.

■ Accordingly, I conclude that the utilization by a Bankruptcy Court of the services of the state court-appointed receiver is for a limited time only, to act in the place of the debtor-in-possession due to evidence

---

**1.** *In re Poplar Springs Apartments of Atlanta, Ltd.*, 103 B.R. 146 (Bankr.S.D.Ohio 1989). The Court made an express finding that a receiver may be excused from the turnover obligation even in the absence of mismanagement by the debtor, on a temporary basis, if turnover would be injurious to creditors. The facts in that case revealed that the general partner responsible for overseeing the apartment complex itself was a debtor in a Chapter 11 case and was responsible for the management of over 1,000 limited partnerships operating motel, apartment or retirement home properties. The court found that the debtor's general partner was being forced to consume enormous energy dealing with the multitude of properties it was managing and litigation in which it was involved and concluded 'keeping this receiver in place temporarily while books and records are being sorted through, cash flow projections made and decisions regarding disposition of assets could be an advantage rather than a disadvantage to the reorganizations of these debtors.

"Accordingly, the Court finds that, temporarily, the interests of creditors are best served by maintaining the Receiver in place." *Id.* at 150.

**2.** *In re WPAS, Inc.*, 6 B.R. 40 (Bankr.M.D.Fla. 1980). In this case the Court found clear mismanagement of the affairs of the Debtor and held that Section 543(d) dispensed with the necessity of turnover in order to "authorize the custodianship to proceed ... if the interest of creditors ... would be better served." *Id.* at 43.

The Court found Section 543 to be a form of abstention "which permits the Court to decline to entertain any controversy which otherwise would be within its judicial competence if to do so would be in the best interest of all parties concerned, although not necessarily the interest of the debtor." After analyzing the facts the Court concluded "that abstention in this instance would be proper and the custodian should be permitted to remain in the possession, custody and control of the properties." Clearly, from the language the effect of this ruling was that the Bankruptcy Court declined to exercise jurisdiction over the property finding it to be in the interest of creditors for the receiver to manage the affairs of the debtor. The Court thereafter ruled that the continuation of the State Court custodianship "shall not be disturbed at this time." *Id.* at 44. *See also In re Constable Plaza Assoc., L.P.*, 125 B.R. 98 (Bankr. S.D.N.Y.1991). In its discussion the Court recognized that Section 542(d)(1) constitutes a "modified abstention provision which is to be exercised in consideration of the interest of all the creditors. Factors to be considered are (1) whether there will be sufficient income to fund a reorganization, (2) whether debtor will use the turned over property for the benefit of creditors, (3) whether there has been mismanagement by the debtor, and (4) whether there are claims or issues raised in the case which only a bankruptcy trustee or debtor-in-possession could prosecute but which a state receiver would be powerless to pursue.

of prior mismanagement, until a final determination can be made whether to abstain, and if not, whether the Debtor-in-Possession or a Trustee will manage the business.

2. *Debtor-in-Possession or Trustee.*

While I have the option to abstain from exercising federal jurisdiction either by dismissal or suspension of the Chapter 11 under Section 305 or by permanently excusing the Receiver from turnover under Section 543(d) in order to permit the state court action to proceed to conclusion I decline to do so. The powers of a debtor-in-possession or trustee to recover assets are broader than those of a receiver. In addition, the receivership action will in all likelihood serve only to protect the hotel and its revenues until foreclosure, at which time the claims of secondary security holders and unsecured creditors will likely go unpaid. In contrast, a successful Chapter 11 should result in improved prospects for recovery by these classes of creditors by maintaining the hotel as a going concern. Clearly there is no evidence before me at this stage in the case to suggest that no useful purpose would be served by allowing the Chapter 11 to proceed.

Thus, the question becomes whether the Debtor-in-Possession or a Trustee should operate the hotel and formulate a plan. 11 U.S.C. Section 1104 provides:

> (a) At any time after the commencement of the case but before confirmation of a plan, on request of a party in interest or the United States trustee, and after notice and a hearing, the court shall order the appointment of a trustee—
>
> (1) for cause, including fraud, dishonesty, incompetence, or gross mismanagement of the affairs of the debtor by current mismanagement, either before or after the commencement of the case, or similar cause ...; or
>
> (2) if such appointment is in the interest of creditors, any equity security holders, and other interests of the estate
> ...

Based upon a careful review of the evidence as summarized in this Order I con-

clude that a Trustee shall be appointed. Debtor's current owners acquired the Debtor in the fall of 1991. By early 1992 the Debtor had defaulted in its mortgage obligations, faced foreclosure of its only asset, had failed to properly manage or insure that asset and had transferred over $75,000.00 of badly needed cash from the Debtor's account to Debtor's principal or that of his affiliated companies. The evidence of incompetence and gross mismanagement, bordering on, if not probative of, fraud is overwhelming. That evidence was produced over two months ago, and no contrary showing has been made, even at the latest hearing at which time Debtor had moved for reconsideration of my earlier order. Indeed at that hearing Debtor withdrew his Motion to Reconsider. On these facts it would be insupportable to reinstate the Debtor as debtor-in-possession. I therefore conclude that cause exists for and that it is in the interest of creditors that a trustee be appointed to serve. In reaching this conclusion I make no finding that the administration of this case since the appointment of the Receiver has been anything but exemplary. All the acts of incompetence and mismanagement occurred while Debtor's current principal was in charge and his acts alone result in the entry of this Order.

Insofar as the evidence reveals, the Receiver should be considered to be eligible to serve this estate in the future to the extent deemed advisable by the United States Trustee or any subsequently-appointed Chapter 11 Trustee and permitted by the Code and Rules.

### ORDER

Pursuant to the foregoing Findings of Fact and Conclusions of Law, I ORDER the United States Trustee to appoint a Trustee after consultation with parties in interest as provided for in 11 U.S.C. Section 1104(c).