**In re STRATESEC, INC., Debtor.**

**No. 04–00696.**

United States Bankruptcy Court,
District of Columbia.

July 13, 2004.

See also 324 B.R. 158, 2004 WL 3222710.

Emil Hirsch, O'Connor & Hannan, L.L.P., Washington, DC.

John F. Kearney, Wayne A. Keup, Blank, Rome, LLP, Washington, DC.

Office of the U.S. Trustee, Alexandria, VA.

Anne M. Magruder, Leon Koutsouftikis, Magruder & Associates, P.C., Reston, VA.

Carlos M. Recio, Davis & Campbell, LLC, Washington, DC.

### ORDER TO SHOW CAUSE WHY TRUSTEE OUGHT NOT BE APPOINTED

S. MARTIN TEEL, Jr., Bankruptcy Judge.

This case was commenced by the filing of a chapter 11 voluntary petition with this court by Gerald E. Wedren, receiver. This case raises the question of the propriety of allowing a receiver whose compensation is subject to control of a federal district court to continue to manage the affairs of the debtor while that debtor utilizes chapter 11 of the Bankruptcy Code. A federal district court's orders appointed Wedren as receiver and authorized him to file the bankruptcy petition on the debtor's behalf.[1] That order cannot be set aside by this court and is binding on the debtor.

 Once the bankruptcy case commenced, however, the receiver's status as a receiver raises a serious question. Under 11 U.S.C. § 105(b), a bankruptcy court may not appoint a receiver. Under 11 U.S.C. § 543(d), the bankruptcy court may temporarily permit a receiver to remain in place while the court decides whether to abstain to the receivership proceeding, or instead require the receiver to turn over the property of the estate to the trustee (or to the debtor-in-possession, if no trustee has been appointed). *See In re Plantation Inn Partners,* 142 B.R. 561 (Bankr. S.D.Ga.1992). Allowing Wedren to continue indefinitely as receiver thus appears to be inconsistent with the Bankruptcy Code. *See Plantation Inn Partners,* 142 B.R. at 564. Had Wedren been put in place by this court to replace prior management, he would have been appointed trustee, not receiver, because § 105(b) bars the appointment of a receiver to run the debtor. Compensation of a trustee is limited to maximum amounts fixed by the Bankruptcy Code, but Wedren's compensation as a receiver would not be. Also, as a receiver, Wedren's acts can be controlled by the receivership court, thus raising the potential of a conflict with the bankruptcy court's power to control the conduct of the debtor-in-possession.

I recognize that the question is somewhat circular because Wedren has been authorized, with the debtor's consent, to take control of the debtor and manage its affairs pursuant to the receivership order. Thus, it can be argued that (1) abstention is not the issue as Wedren is acting as the authorized management of the debtor, and (2) appointment of a trustee is unnecessary to protect against mismanagement.[2] However, the court doubts that the district court intended Wedren to continue to act as a fiduciary, other than subject to the control of the bankruptcy court. If the district court wanted the receivership to

---

1. The orders, issued by the United States District Court for the Eastern District of Virginia, are attached to Wedren's resolution authorizing the filing of the case. That resolution was filed on April 28, 2004, but not docketed, and the original has been misplaced. However, the United States Trustee has furnished a copy bearing the file stamp, and by a separate order of this date the copy of the resolution (attached to that order) is being treated as filed on April 28, 2004, as part of the petition.

2. Moreover, appointment of a trustee would terminate the debtor's exclusivity period to file a plan, and thus, Wedren's ability to have a period within which to negotiate a plan without competing plans being filed. *See* 11 U.S.C. § 1121(c)(1). Nevertheless, had Wedren been appointed a trustee in the first place, there would be no exclusivity period, and he is operating as a fiduciary in control of the debtor's affairs, just as a trustee would.

continue it would not have entered its order.

█ Plainly the district court contemplated that the filing of the bankruptcy case would supplant the receivership, that is, that the bankruptcy court would not invoke 11 U.S.C. § 305 to suspend the bankruptcy case in favor of the receivership. Although 11 U.S.C. § 543(d)(1) contemplates that the bankruptcy court may authorize a receiver to continue in possession of the property of the estate, such authorization generally would be granted when the bankruptcy court decides that the receivership court is the superior forum for controlling the debtor's property.

█ Ultimately, the debtor's property cannot simultaneously be under the control of both an active receivership and an active bankruptcy case, and §§ 305 and 542(d)(1) implicitly require the bankruptcy court to decide which will be allowed to operate, and which will be suspended, the receivership or the bankruptcy case. Once it is decided, as was intended by the district court, and as contemplated by Wedren as receiver on behalf of creditors, that the bankruptcy case shall be the forum to handle the debtor's financial affairs, the court should treat the receivership as suspended, and the receiver's role as receiver placed in limbo as well, with the receiver no longer playing a role.

If a fiduciary is necessary, it should be a trustee appointed by the United States Trustee and subject to caps on compensation of trustees as provided by the Bankruptcy Code. The debtor consented to the appointment of a receiver over all of its property and affairs, and thereby acknowledged the necessity of a fiduciary.

In the only other bankruptcy case in this court commenced by a receiver under chapter 11 of the Bankruptcy Code, the receiver was subsequently appointed trustee in the case. *See In re International Loan Network, Inc.,* 160 B.R. 1, 4 (Bankr. D.D.C.1993). In *Commodity Futures Trading Com'n v. Weintraub,* 471 U.S. 343, 105 S.Ct. 1986, 85 L.Ed.2d 372 (1985), there was also initially a receiver who was later appointed trustee under chapter 7 of the Bankruptcy Code. As Wedren was appointed receiver at the behest of creditors in the receivership proceeding, the court assumes that those same creditors' preference will be for the United States Trustee to appoint Wedren as trustee in this case, and this court is unaware of any reason why such an appointment ought not be approved by this court. It is therefore

ORDERED that by a response to this order filed within 20 days after entry of this order, the debtor, the United States Trustee, and any other interested party shall show cause, if any they have, why this court ought not order the United States Trustee to appoint a trustee in this case.